UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:
Chelisa Harvey, *pro se*,

          Debtor,

_____/

Case No: 20-43094
Judge Thomas J. Tucker
Chapter 7

## ORDER SETTING THE AMOUNT OF FEES AND EXPENSES THAT MUST BE PAID BY THE DEBTOR TO THE CHAPTER 7 TRUSTEE, BASED ON THE COURT'S JULY 8, 2020 CONTEMPT ORDER

This case came before the Court on the motion filed by the Chapter 7 Trustee, Michael A. Stevenson, entitled "Motion for Contempt of Court" (Docket # 52, the "Motion"). The Court held a hearing on the Motion on July 8, 2020. The Debtor and counsel for the Trustee appeared at the hearing, each by telephone. For the reasons stated by the Court on the record during the hearing, the Court entered on Order on July 8, 2020, entitled "Order Holding the Debtor in Civil Contempt" (Docket # 76, the "Contempt Order").

As part of the relief ordered, the Court ordered the following:

> **IT IS FURTHER ORDERED** that the Debtor must pay to Stevenson & Bullock, PLC the reasonable attorney fees and expenses incurred by the Trustee in preparing and prosecuting the Motion. The amount of such fees and expenses will be determined in a later order. The procedures of LBR 7054-1 (E.D. Mich.) will apply to the Court's determination of the amount of such fees and expenses. The Trustee must file, and serve on the Debtor, an itemization of fees and expenses, no later than July 22, 2020. The Debtor will then have 14 days after service to file any objections to the itemization. If a timely objection is filed, the Court may schedule a hearing to determine the reasonable fees and expenses.

The Trustee filed the required itemization of fees and expenses on July 8, 2020 (Docket

# 79), and the Debtor filed objections to the itemization on July 17, 2020 (Docket # 86).

The Court has reviewed these papers, and concludes that a hearing is not necessary. The Court will now rule on this matter.

The Court finds that each of the arguments made by the Debtor in her objections is without merit. None of the objections address the only issue that is relevant at this point — namely, whether the fees and expenses requested in the Trustee's itemization were reasonably incurred by the Trustee "in preparing and prosecuting the Motion." The Debtor's objections merely present arguments of the type the Debtor made in originally opposing the Motion, and the Court already ruled on those arguments in granting the Motion and holding the Debtor in civil contempt. The Court overrules the Debtor's objections in their entirety.

However, the Court finds that some of the attorney time entries in the Trustee's itemization should be excluded, in calculating the fees to be awarded. The time entries dated June 3, 2020 (two entries), June 4, 2020 (one time entry), and June 8, 2020 (one time entry), reflect work done by the Trustee's attorney that was not incurred "in preparing and prosecuting the Motion," so fees for that work, which total $260.00, are disallowed.

With respect to all of the other attorney time entries, the Court finds that the attorney time reflected in the itemizations is a reasonable amount of time for the tasks performed, and that all of the tasks performed as reflected in the itemizations were reasonable and necessary under the circumstances, and were reasonably incurred by the Trustee in preparing and prosecuting the Motion. The Court further finds that the hourly rate reflected for the Trustee's attorney in the fee itemization ($325.00 per hour) is a reasonable hourly rate. And the Court finds that the

expenses, totaling $4.80, are reasonable.

The "lodestar" fee amount, therefore, is equal to the total amount reflected in the itemization, other than the amounts in the disallowed entries described above ($1,625.00 minus $260.00), namely a reasonable fee totaling $1,365.00. That plus the reasonable expenses of $4.80, equals a total of $1,369.80.

Accordingly,

IT IS ORDERED that no later than August 7, 2020, the Debtor must pay to the Chapter 7 Trustee, c/o of the Trustee's attorneys, Stevenson & Bullock, PLC, the sum of $1,369.80. To facilitate the Trustee's ability to collect this sum, the following judgment is entered.

IT IS FURTHER ORDERED that judgment is entered in favor of Michael Stevenson, the Chapter 7 Trustee, and against the Debtor, Chelisa Harvey, in the amount of $1,369.80.

IT IS FURTHER ORDERED that if and to the extent this sum is not paid in full on or before August 7, 2020, then beginning immediately thereafter, the unpaid sum may be collected by any means normally available under the law for collecting money judgments entered by this Court.

**Signed on July 24, 2020**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge